**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JIMMY MANES,
ADC #164009**                                                                             **PLAINTIFF**

**V.**                     **CASE NO. 3:20-CV-199-BSM-BD**

**JOHN BALLARD and
EDGAR STANFIELD**                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Manes may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Manes may waive the right to appeal questions of fact.

**II.**      **Discussion:**

Jimmy Manes, an inmate at the Craighead County Detention Facility, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) In his complaint, Mr. Manes explains that, on July 3, 2020, Defendants Stanfield and Ballard verbally threatened him.

Federal courts must review prisoner complaints that name government entities, officers, or employees as defendants before ordering service of process. 28 U.S.C. § 1915A(a). The Court has reviewed Mr. Manes's complaint. Even reading the complaint liberally and assuming all allegations to be true, Mr. Manes has not stated a federal claim for relief.

Here, Mr. Manes alleges that Defendant Stanfield stated, "keep being loud Imma [sic] slam you." In addition, he complains that Defendant Ballard stated, "if I hear anything else out of you imma [sic] take you in there [booking area] and make it a night you will never forget." While the Court does not condone unprofessional behavior or threats made to inmates, that conduct does not rise to the level of a constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation). As a result, Mr. Manes's claims should not be allowed to move forward.

### III.   Conclusion:

The Court recommends that Judge Miller DISMISS Mr. Manes's claims, without prejudice, for failure to state a federal claim for relief. The Court further recommends that this dismissal count as a "strike" for purposes 28 U.S.C. § 1915(g) and that Judge Miller

certify that an *in forma pauperis* appeal would be frivolous and would not be taken in good faith.

    DATED this 27th day of July, 2020.

                                                _____
                                          UNITED STATES MAGISTRATE JUDGE